NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOAN PAYMENT ADMINISTRATION LLC, an Ohio Limited Liability Company; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JOHN F. HUBANKS, Deputy District Attorney, Monterey County District Attorney's Office, in his official capacity; et al., <br><br> Defendants-Appellees. | No. 19-15019 <br><br> D.C. No. 5:14-cv-04420-LHK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted May 12, 2020**
San Francisco, California

Before: THOMAS, Chief Judge, and FRIEDLAND and BENNETT, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellants Nationwide Biweekly Administration, Inc., Loan Payment Administration LLC, and Daniel Lipsky (collectively, "Nationwide") appeal the district court's order granting dismissal of their 42 U.S.C. § 1983 action against the Marin County District Attorney's Office, Monterey County District Attorney's Office, and individual district attorneys for the two California counties (collectively, the "District Attorneys").  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Nationwide operates a "biweekly interest savings" mortgage loan repayment program and sends solicitation letters to potential customers: borrowers with mortgage loans.  These solicitation letters are individually addressed and include publicly available information such as the borrower's name and address, his or her lender's name, and other loan information.  Mortgage borrowers, of course, typically make one monthly payment.  Those who sign up for Nationwide's program agree that Nationwide will, every two weeks, debit their accounts one-half of their normal monthly mortgage payment.  Nationwide then sends monthly payments to the lender.  Under the program, a borrower makes 26 biweekly payments per year to Nationwide, instead of 12 monthly payments to the lender.  Because months are slightly longer than four weeks, borrowers pay about 8% more a year than they would have under their lender's schedule.  The "extra" amount sent to the lender goes to paying down the principal on the loan.  Thus, assuming a

2

borrower sticks with the plan, this results in the borrower paying off the mortgage earlier and ultimately saving money on interest. For its services, Nationwide charges each customer $3.50 once every two weeks and a one-time setup fee equal to half of the customer's monthly mortgage payment.[1]

The California Business & Professions Code requires certain disclosures in solicitation letters for financial services. For example, if the letter includes the lender's name or logo without the lender's consent, it must "clearly and conspicuously state[] that the person is not sponsored by or affiliated with the lender and that the solicitation is not authorized by the lender, which shall be identified by name." Cal. Bus. & Prof. Code § 14701(a). The disclosure must be "made in close proximity to, and in the same or larger font size as, the first and the most prominent use or uses of the name, trade name, logo, or tagline in the solicitation, including on an envelope or through an envelope window containing the solicitation." *Id*. Similarly, if the letter includes the consumer's loan number or loan amount, it must state that "the person is not sponsored by or affiliated with the lender and that the solicitation is not authorized by the lender . . . [and] that the consumer's loan information was not provided to that person by that lender." *Id*.

---

[1] Say a borrower has a $2000 monthly mortgage payment, and on the lender's schedule would thus pay $24,000 in a year. Under Nationwide's biweekly plan, a borrower would make twenty-six $1000 payments to Nationwide, for a total of $26,000 in a year, or about 8% more. Nationwide would take $1000 upfront, and an additional $91 per year.

§ 14702. This disclosure has the same requirements for font size and close proximity to the loan information. *Id.*

Nationwide sued the District Attorneys, alleging that enforcement of § 14701(a) and § 14702 violates its First Amendment right to free speech, as applied to the states through the Fourteenth Amendment. Nationwide then filed a motion for a preliminary injunction to prevent the District Attorneys from enforcing the California statutes. The district court denied the preliminary injunction and later dismissed the case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In *Nationwide Biweekly Administration, Inc. v. Owen*, 873 F.3d 716 (9th Cir. 2017), our court affirmed the district court's denial of the preliminary injunction on the basis that Nationwide was unlikely to succeed on the merits of its First Amendment claim. *Owen* held that the proper standard of scrutiny was the rational basis test set forth in *Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio*, 471 U.S. 626, 651 (1985). *Owen*, 873 F.3d at 733. Our court concluded that, under *Zauderer*, the disclosures required by the California statutes were factual and uncontroversial, reasonably related to the substantial governmental interest of preventing consumer deception, and not unduly burdensome. *Id.* at 734–35. However, *Owen* reversed the district court's *Younger* abstention ruling and remanded for further proceedings. *Id.* at 727–30.

Nationwide then filed an amended complaint, alleging that the California

4

statutes force Nationwide to convey messages in violation of its First Amendment rights. According to Nationwide, the disclosure requirements are unconstitutional because they are unduly burdensome and not reasonably related to a substantial government purpose. Nationwide sought injunctive and declaratory relief. The District Attorneys moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion and dismissed Nationwide's complaint with prejudice—the subject of the instant appeal. Reviewing de novo, we affirm the district court's dismissal for failure to state a claim. *See Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018).

As in *Owen*, we conclude that *Zauderer* supplies the appropriate standard of scrutiny. Contrary to Nationwide's argument, the Supreme Court's recent decision in *National Institute of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361 (2018) ("*NIFLA*"), is not an "intervening controlling authority" that precludes the application of *Zauderer* in this case. Nationwide contends that *NIFLA* limits the application of the *Zauderer* test only to compelled disclosures that concern "the *terms* under which . . . services will be available." *See NIFLA*, 138 S. Ct. at 2372 (emphasis added) (quotation marks omitted). But we have already concluded that the application of *Zauderer* is not so limited. *See CTIA – The Wireless Ass'n v. City of Berkeley*, 928 F.3d 832, 848 (9th Cir. 2019). We have interpreted *NIFLA* as holding that *Zauderer* applies so long as the compelled speech "relate[s] to the

5

product or service that is provided by an entity subject to the requirement." *Id.* at 845; *see also id.* (explaining that *NIFLA* "struck down the requirement that clinics post information about *services they did not provide*" (emphasis added)). The disclosures required by the California statutes—*e.g.*, that Nationwide's solicitation letters were not sponsored by or authorized by the lender—certainly "relate to [Nationwide's] . . . service," *see id.*, and inform borrowers that their lenders are not affiliated with that service.

We are bound by the *Owen* panel's conclusion that the California statutes survive scrutiny under *Zauderer*. *See Owen*, 873 F.3d at 733–36; *CTIA*, 928 F.3d at 845–49. Even if we were not bound by the *Owen* panel, however, we would reach the same conclusion. The parties do not dispute that the required disclosures are factual and uncontroversial. Further, the disclosures reasonably relate to California's substantial interest in preventing consumer deception because they inform consumers that Nationwide's offered services are not sponsored or authorized by their lenders. We reject Nationwide's argument that the "solicitation not authorized by the lender" language is not reasonably related to California's interest merely because the legislative history does not state those exact words are necessary to the statute's purpose. Finally, the required disclosures are not unduly burdensome. As the district court correctly found, Nationwide can comply with the California statutes by making "relatively brief disclosures" in its solicitation

6

letters.  *Cf. Am. Beverage Ass'n v. City & Cty. of San Francisco*, 916 F.3d 749, 757 (9th Cir. 2019) (en banc).  The disclosure requirements are not impermissibly vague, and the court need not accept Nationwide's conclusory assertion that the disclosures drown out Nationwide's own message.  *See Holden v. Hagopian*, 978 F.2d 1116, 1121 (9th Cir. 1992).

Because Nationwide's request for declaratory relief is entirely derivative of its First Amendment claim, we also affirm the district court's denial of declaratory relief.

**AFFIRMED.**